IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KIMBERLY POUNDS                                                                                    PLAINTIFF

v.                                          Case No. 6:25-cv-06040

SOCIAL SECURITY ADMINISTRATION COMMISSIONER                           DEFENDANT

## ORDER

Before the Court is a Report and Recommendation filed January 23, 2026, by the
Honorable Spencer G. Singleton, United States Magistrate Judge for the Western District of
Arkansas. ECF No. 12. Plaintiff Kimberly Pounds ("Plaintiff") has filed objections. ECF No. 12.
The Court finds the matter ripe for consideration.

## I.   BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of the decision
by the Commissioner of Social Security Administration (the "Commissioner") denying her claim
for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income
("SSI") under Title II and/or Title XVI of the Social Security Act ("the Act"). ECF No. 2, at 2.

Plaintiff applied for SSI on August 17, 2020, and DIB on April 11, 2023. Tr. 31.[1] Plaintiff
alleged disability beginning on March 1, 2020, in both applications. *Id.* Plaintiff's applications
were denied both initially and on reconsideration. *Id.* On November 26, 2021, Plaintiff filed a
request for hearing by an administrative law judge ("ALJ"). *Id.* On December 4, 2023, ALJ
Thomas Cheffins held a video hearing, wherein Plaintiff appeared and testified. *Id.* Plaintiff was
represented by attorney Mickey Lynn Stevens. *Id.* An impartial vocational expert, Alissa A. Smith,

---

[1] The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No.
7. These references are to the page number of the transcript itself, not the ECF page number.

also appeared. *Id.* At the hearing, Plaintiff amended her disability onset date to August 17, 2020. *Id.*

On March 20, 2024, the ALJ determined that Plaintiff is not disabled under sections 215(i), 223(d), and 1614(a)(3)(A) of the Act and is not entitled to DIB or SSI. *Id.* at 40-41. In the decision, the ALJ made several findings of fact and conclusions of law that are relevant here. First, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2010. *Id.* at 34 (Finding 1). Second, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2020. *Id.* (Finding 2). Third, the ALJ found that Plaintiff suffers from severe impairments, including cervicalgia and cervical stenosis status-post fusion, lumbar stenosis, degenerative joint disease of knees, chronic obstructive pulmonary disease ("COPD"), asthma, right lung nodule, sleep related hypoxemia, and obesity. *Id.* at 34-35 (Finding 3). Fourth, the ALJ found that Plaintiff's impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 303, Subpart P, Appendix 1. *Id.* (Finding 4). Fifth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. 404.1567(b) and 416.967(b), with postural and environmental restrictions. *Id.* at 36 (Finding 5). To reach this conclusion, the ALJ considered Plaintiff's subjective complaints and found that the limitations she claimed were not entirely consistent with the medical evidence and other evidence in the record. *Id.* at 36-39. Sixth, the ALJ found that Plaintiff had no relevant past work. *Id.* at 39 (Finding 6). Seventh, considering Plaintiffs' age, education, work experience, and residual functional capacity, the ALJ found that there were a significant number of jobs in the national economy that Plaintiff can perform. *Id.* at 39-40. (Findings 7-10). The ALJ relied on the testimony of the vocational expert to find that Plaintiff could work as a routing clerk with approximately 117,000 jobs available nationwide and a price marker with approximately 137,000

2

jobs available nationwide. *Id.* at 40. Based upon these findings, the ALJ determined that Plaintiff was not disabled under the Act from March 1, 2020, through the date of the decision. *Id.* (Finding 11). Thus, the ALJ denied Plaintiff's application for DIB and SSI.

On April 25, 2025, Plaintiff appealed the ALJ's decision. ECF Nos. 1, 9. The Commissioner filed an Appeal Brief in opposition. ECF No. 11. On January 23, 2026, Judge Singleton issued a Report and Recommendation in this matter. ECF No. 12. Judge Singleton found that the ALJ's decision is supported by substantial evidence and recommends that it should be affirmed. *Id.* at 8. On February 6, 2026, Plaintiff filed an objection to the Report and Recommendation. ECF No. 13.

## II.  STANDARD OF REVIEW

### A.  Review of a Report and Recommendation

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.1(VII)(B).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). A "clearly erroneous" standard of review applies to the portions of a magistrate judge's report and recommendation to which no objections have been made. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72 advisory

3

committee's note, subd. (b) (instructing a reviewing court to "satisfy itself that there is no clear error on the face of the record").

Judge Singleton makes two findings in the Report and Recommendation based on the Parties' arguments on appeal. ECF No. 12. First, Judge Singleton considered Plaintiff's argument that the ALJ erred in the RFC determination by making conflicting findings regarding Plaintiff's need for supplemental oxygen and failing to account for supplemental oxygen in assessing the work limitations. *Id.* at 4-6. Judge Singleton found that the ALJ properly found, based on a review of the medical record and medical consultant opinions, that Plaintiff did not require the use of supplemental oxygen at all times. *Id.* at 6. Judge Singleton also found that Plaintiff failed to present evidence showing that she required the use of oxygen during the day. *Id.* Based on these findings, Judge Singleton concluded that the ALJ's RFC determination is supported by substantial evidence and recommends that it should be affirmed.

Second, Judge Singleton considered Plaintiff's argument that the ALJ erred in assessing Plaintiff's subjective allegations of disability. *Id.* at 6-8. Judge Singleton found that the ALJ properly applied the factors laid out in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) in his examination of Plaintiff's subjective allegations and recommends that the ALJ's decision should therefore be affirmed. *Id.* at 7-8.

Plaintiff objects to Judge Singleton's finding that the ALJ's RFC determination is supported by sufficient medical evidence and requests a *de novo* review only of that issue. ECF No. 13, at 1. Specifically, Plaintiff argues that the Report and Recommendation mischaracterizes the record and the ALJ's finding that Plaintiff requires supplemental oxygen during daytime exertion. *Id.* at 2. Plaintiff then argues that the ALJ erred because the RFC did not account for Plaintiff's supplemental oxygen limitation and that the error was harmful because the hypothetical

posed to the Vocational Expert did not consider that limitation. *Id.* at 3-4. The Court finds that Plaintiff's objection is specific and will conduct a *de novo* review of whether the ALJ's RFC determination is an error.

Plaintiff does not object to Judge Singleton's findings and recommendations as to her argument that the ALJ erred in assessing her subjective allegations under the *Polaski* factors. The Court reviews Judge Singleton's findings on this issue for clear error. Upon review, the Court finds no clear error and adopts Judge Singleton's finding that the ALJ did not err in assessing Plaintiff's subjective allegations of disability.

## B.  Review of an ALJ Decision

The Court must affirm an ALJ decision "if the ALJ made no legal error and the ALJ's decision is supported by substantial evidence on the record as a whole." *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022) (citation omitted). Substantial evidence means "less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Id.* As long as there is substantial evidence in the record that supports the ALJ's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the . . . findings [of the ALJ]," the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

## III. DISCUSSION

The issue for the Court is whether the ALJ provided a "logical bridge" between the evidence and his RFC decision. In her appeal brief and objections, Plaintiff argues that the ALJ

has not provided a logical bridge between the evidence and RFC determination. ECF No. 9, at 9-10; ECF No. 13, at 3-4. Specifically, Plaintiff argues that the ALJ's RFC determination—that Plaintiff may perform "light work" without providing a work restriction that Plaintiff will need to cease exertion at times to utilize supplemental oxygen—is inconsistent with the ALJ's own finding that Plaintiff requires supplemental oxygen during the day if she exerts herself. ECF No. 9, at 9. Plaintiff then argues that the ALJ's failure to fully evaluate the RFC limitations was harmful error, because the hypothetical question posed to the vocational expert did not include the limitation arising from Plaintiff's need for supplemental oxygen. *Id.* at 10.

The Commissioner argues that that the ALJ properly relied on the objective evidence in the record and the opinion of two doctors to find that Plaintiff is able to perform light work with certain postural and environmental limitations. ECF No. 11, at 3-5. The Commissioner then argues that Plaintiff offers no specific medical evidence to support her testimony that the use of supplemental oxygen during the daytime is medically necessary. *Id.* at 5. Finally, the Commissioner argues that the record is devoid of evidence that Plaintiff is required to use oxygen during the day.

An RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545. "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010). Since a "claimant's [RFC] is a medical question," the ALJ's RFC determination must be supported by some medical evidence that addresses the claimant's ability to function in the workplace. *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) (citations omitted). Plaintiff has the burden to prove her RFC. *See Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021).

When formulating the RFC, the ALJ must "(1) include a narrative discussion of how the evidence supports each conclusion and cite specific medical facts and non-medical evidence; (2) assess the individual's ability to perform sustained work activities in a work setting on a regular and continuing basis; and (3) describe the maximum amount of each activity the person can perform." *Douglas v. Colvin*, No. 3:15-cv-03006-MEF, 2016 WL 1048063, at *3 (W.D. Ark. Mar. 11, 2016) (citing SSR 96-8p).  Further, the ALJ must base his assessment on all relevant evidence and build "an accurate and logical bridge" between the evidence and his decision.  *St. Clair v. Colvin*, No. 2:12-04250-DGK-SSA, 2013 WL 4400832, at *2 (W.D. Mo. Aug. 14, 2013) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)); *see also Trovini v. Bisignano*, No. 5:25-cv-05138, 2026 WL 763109, at *4 (W.D. Ark. Feb. 27, 2026), report and recommendation adopted, 2026 WL 758459 (W.D. Ark. Mar. 17, 2026) (finding that the ALJ did not provide a logical bridge between the evidence of a plaintiff's migraines and the ALJ's RFC determination where the ALJ did not explain how the plaintiff's migraines are accommodated by a limitation to light work).

In the instant case, the ALJ considered Plaintiff's medical records and testimony and found that Plaintiff "is dependent on supplemental oxygen." Tr. 38. However, the ALJ noted that the record and Plaintiff's testimony do not indicate that Plaintiff requires "supplemental oxygen at all times." *Id.*  Rather, the ALJ observed that Plaintiff needs supplemental oxygen "to sleep at night and to function when needed during the day." *Id.*  The ALJ considered Plaintiff's testimony that she needs "supplemental oxygen when she tries to dry herself off and when she sleeps" and that "she does not exert herself so that she does not require wearing her oxygen cannula." *Id.*  The ALJ considered that Plaintiff required hospitalization for COPD exacerbation for four days after she lost electricity in her home in July 2023. *Id.*  The ALJ then determined that Plaintiff's hypoxia and COPD, though limiting, does not support a finding of disability because Plaintiff's medical

7

management has been successful.  *Id.*  In support of this finding, the ALJ reasoned that Plaintiff's most recent pulmonary function test in April 2023 indicates mild COPD, and that Plaintiff is compliant with her medication management and treatment.  *Id.*

Also relevant to Plaintiff's use of supplemental oxygen, the ALJ considered Plaintiff's testimony of her daily life and found that it did not reflect a lifestyle limited by disabling conditions.  *Id.* at 38-39.  Specifically, the ALJ considered Plaintiff's testimony that she "needs help toweling off because she becomes short of breath, but otherwise, she keeps her hair cut short and is responsible for bathing herself, dressing herself, and taking care of her personal needs, despite requiring supplemental oxygen."  *Id.*  Finally, the ALJ considered the opinions of two medical doctor consultants, who reviewed Plaintiff's allegations of disability based on her "COPD and asthma exacerbated by sleep hypoxia," to determined Plaintiff's RFC.  *Id.* at 39.  The first doctor opined that Plaintiff could perform light work.  *Id.*  The second doctor affirmed that opinion with the addition of environmental restrictions and occasional postural limitations. *Id.*

Based on the above evidence and opinions, the ALJ found that Plaintiff has the RFC to perform light work with several specific environmental restrictions and postural limitations.[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. §§ 404.1567(b), 416.967(b).  The listed restrictions and limitations do not include the use of supplemental oxygen during the day.

After review, the Court finds that the ALJ did not provide a logical bridge between the

---

[2] Those limitations include: "never climb ladders, ropes, or scaffolds, can occasionally climb ramps and stars, occasionally stoop, crouch, kneel, and crawl, and can have occasional exposure to pulmonary irritants such as fumes, odors, dust, gases, and poorly ventilated areas, and must avoid concentrated exposure to excessive vibration, unprotected heights, and hazardous machinery."  *Id.* at 36.

evidence and his RFC determination. The ALJ explicitly credited Plaintiff's testimony that she needs supplemental oxygen "to function when needed during the day" when she exerts herself in his conclusion that Plaintiff's COPD and hypoxia impairment is well-managed by medication and therefore not disabling. Tr. 38. Despite this evidence, the ALJ did not provide either a limitation to Plaintiff's RFC accounting for her need for supplemental oxygen during the daytime or explain why Plaintiff did not need such a limitation to perform light work. *See St. Clair*, 2013 WL 4400832, at *2; *see also Trovini*, 2026 WL 763109, at *4 ("While the ALJ is not required to find the Plaintiff's limitations testimony persuasive and is not required to adopt those specific limitations in the ultimate RFC assessment, the ALJ must make clear how the limitations imposed are related to the impairment."). As Plaintiff points out, the ALJ's finding that Plaintiff requires supplemental oxygen when she exerts herself even minimally, such as by drying off, does not comport with his determination that Plaintiff is capable of "light work," which involves physical exertion by definition. ECF No. 13, at 3.

The Court acknowledges the Commissioner's argument that Plaintiff offers no evidence outside of her testimony that her use of supplemental oxygen during the daytime is medically necessary. ECF No. 11, at 3-4. In support, the Commissioner relies on two cases in which a district court upheld an ALJ's RFC determination when the claimant provided only testimonial evidence that they required supplemental oxygen. *See David P. v. Kijakazi*, No. 23-CV-02024, 2023 WL 11959394, at *10 (N.D. Iowa Aug. 4, 2023) *and Freeman v. Astrue*, No. 4:10-cv-04100, 2011 WL 2983184, at *4 (W.D. Ark. July 22, 2011). Neither of those cases are exactly on point. In *David P. v. Kijakazi*, the district court upheld an ALJ's decision not to include a provision in the RFC to use a supplemental oxygen device, despite the claimant's testimony that he needed the device, when the medical records indicated that the claimant had been denied a prescription for

9

supplemental oxygen during the daytime and his medical providers actually ordered him to stop his non-prescriptive use of supplemental oxygen. 2023 WL 11959394, at *10-11.  In *Freeman v. Astrue*, the district court upheld the ALJ's determination that a claimant did not require oxygen during the workday when it did not appear that she was prescribed oxygen for use throughout the day and, more importantly, when the ALJ considered the claimant's testimony that she smoked one and a half packs of cigarettes a day, despite being repeatedly advised to stop by her physician. 2011 WL 2983184, at *4.

In the instant case, unlike in *David P.* and *Freeman*, the ALJ credited Plaintiff's testimony that she needed supplemental oxygen during the daytime when she exerted herself and did not note evidence in the record indicating otherwise.  Tr. 38.  In fact, unlike the claimant in *David P.*, who self-prescribed oxygen after a relative gave him "an old oxygen tank," Plaintiff points to several medical records that reflect that she was prescribed supplemental oxygen or experienced COPD exacerbations requiring medical intervention.  *See* 2023 WL 11959394, at *10.  Further, though Plaintiff has not pointed to a specific medical record reflecting a daytime use prescription of oxygen, Plaintiff testified at the oral hearing that a doctor told her to use oxygen during the daytime when she needed it.  Tr. 60 ("Dr. Depito [phonetic] . . . from Howard Memorial when I was hospitalized there, she's the one who told me if I needed [oxygen] throughout the day to use it, but if not, just at night.").

Ultimately, the issue Plaintiff raises here is whether the ALJ built "an accurate and logical bridge between the evidence and the result," not whether there is enough evidence in the record to support the ALJ's decision.  *Sarchet*, 78 F.3d at 307 ("[W]e cannot uphold a decision by an administrative agency . . . if, while there is enough evidence in the record to support the decision, the reasons given by the trier of fact do not build an accurate and logical bridge between the

evidence and the result."). Even if substantial evidence in the record shows, as the Commissioner suggests, that Plaintiff does not require daytime oxygen use, the ALJ found that the record reflects that Plaintiff needs supplemental oxygen "to function when needed during the day" and did not explain why he did not provide corresponding limitations in the RFC. Tr. 38. For that reason, the Court finds that the ALJ did not build a logical bridge between the evidence and the RFC determination.

Since the hypothetical posed to the vocational expert did not include accommodation for occasional oxygen use during exertion, the Court finds that the case should be remanded for the ALJ to more clearly account for Plaintiff's limitations in the RFC determination. *See Swedberg v. Saul*, 991 F.3d 902, 906 (8th Cir. 2021) ("Testimony from a vocational expert constitutes substantial evidence only when based on a properly phrased hypothetical question.").

## IV. CONCLUSION

Accordingly, the Court finds that the Report and Recommendation (ECF No. 12) should be and hereby is **ADOPTED IN PART AND DECLINED IN PART**. The Court adopts Judge Singleton's finding that the ALJ did not err in assessing Plaintiff's subjective allegations of disability and declines to adopt Judge Singleton's finding that the ALJ did not err in determining Plaintiff's RFC. The Commissioner's final decision is **REVERSED**, and this case is **REMANDED** to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**, this 20th day of July, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge

11